## COOKE v. WESTGATE-GREENLAND OIL CO. et al.

No. 28165. April 11, 1939.

Rehearing Denied May 31, 1939.

210

Everest, McKenzie & Gibbens, for plaintiff in error.

Willingham & Farris and Howard B. Hopps. for defendant in error Westgate-Greenland Oil Company.

GIBSON, J. This case involves the individual and correlative property rights of lot owners and oil and gas lessees in a certain block in Oklahoma City formerly zoned for oil and gas development under ordinances enacted pursuant to the police powers as delegated by sections 6170-6179, O. S. 1931, 11 Okla. Stat. Ann. secs. 401-410.

The district court, on appeal from an order of the board of adjustment, proceeding under the statutes and ordinances aforesaid, issued to the respondent Westgate-Greenland Oil Company a permit to drill for oil and gas in said zoned area, and the protestant, a lot owner therein, was dissatisfied with the judgment relating to bonuses and royalties to be paid to him as a nonassenting owner and his right to participate in the operations in lieu of bonus, and has appealed to this court.

The facts and circumstances here on review are in legal effect substantially the same as those involved in Amis v. Bryan Petroleum Corporation, 185 Okla. 206, 90 P.2d 936, and the decision there as reflected by the syllabus is controlling and made to apply in the instant case.

In addition to the questions presented in the Amis Case, we are required to determine whether the district court may require a nonleasing lot owner in a drilling block to elect whether he shall accept the bonus and royalties fixed by the court or participate in the production of the well under conditions and circumstances ordinarily arising from the relationship of tenants in common.

Adopting our language employed in the Amis Case in disposing of a question of election similar to this, we hold that the district court, under the equitable powers invested in it by the aforesaid statutes and ordinances, was authorized to render such decree.

Further, we are asked to determine whether the district court can enforce its decree requiring an election on penalty of loss on the part of the lot owner of the bonus and a portion of the royalties as awarded him by the court.

This question we answer in the negative. The trial court was without power, under the statutes and ordinances, to penalize anyone. It was not intended that a lot owner should be deprived of his equities as fixed by the decree upon failure of an election. As was stated in the Amis Case, if an election is not made in the time designated, the property owner is presumed to have elected to accept his bonus and percentage of the royalties as fixed by the court. The privilege is entirely equitable, and could injure no one.

Protestant says the trial court erred in fixing the amount of the cash bonus. He asserts that the weight of the evidence will show that $30 per front foot as fixed by the court was insufficient.

After an examination of the evidence we are unable to say that the judgment in the latter respect was against the clear weight thereof.

The judgment is modified to the extent of permitting the protestant to accept the bonus and royalties as fixed by the court without penalty of forfeiture upon failure to elect as aforesaid, and, as so modified. the judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and CORN, HURST, DAVISON, and DANNER, JJ., concur. RILEY and OSBORN, JJ., absent.