## AMIS v. BRYAN PETROLEUM CORPORATION.

No. 28022. April 11, 1939.

Rehearing Denied May 31, 1939.

Edwards & Robinson, for plaintiff in error.

Chas. L. Yancey, G. C. Spillers, and E. M. Calkin, for defendant in error.

GIBSON, J. The board of adjustment of Oklahoma City, proceeding under ordinance enacted pursuant to sections 6170-6179, O. S. 1931, 11 Okla. Stat. Ann. secs. 401-410, issued to defendant in error, Bryan Petroleum Corporation, a permit to drill for oil and gas in a certain block or area zoned for that purpose in Howe's Capitol addition. Said company, hereinafter referred to as respondent, owned oil and gas leases covering at least 51 per cent. of the total area. The permit as issued fixed certain conditions in the nature of bonuses and royalties to be paid those lot owners who had not joined in the lease upon their execution to respondent of a standard oil and gas lease upon their respective lots The board also fixed the percentage of royalty to be paid to such owners. There was the further condition that said lot owners might, in lieu of bonuses, participate in the working interest in the well to the extent of their proportionate part

of the area by posting bond in a certain sum guaranteeing to respondent payment of their portion of the expense of drilling, granting to the owners the right to elect within ten days after prescribed notice whether to accept the bonuses or to post bond and participate in the working interest as aforesaid.

From this order of the board, the protestant, J. E. Amis, and certain other property owners appealed to the district court (sec. 6177, supra), where on trial de novo the order, or permit was affirmed. Amis alone has appealed to this court.

The parties hereto proceed upon the assumption that the board of adjustment is a judicial body created by the statutes aforesaid. They apparently adopt the theory that the statutes aforesaid and the city ordinances enacted pursuant thereto vested in said board full judicial power to adjudicate at the time of granting a permit the rights of the lot owners and lessees in a drilling block with relation to bonuses, royalties, the participation in development and sharing in the working interest. We shall proceed, without immediate decision on that question, to review the issues as presented by the assignments.

Protestant charges that the statutes and ordinances in question do not purport to vest in the board the power to require the bond as a condition to an election to participate in the working interest. He asserts that if the statutes and ordinances do authorize such power, the same would constitute an arbitrary and unlawful exaction, unnecessary to proper regulation under the police power as delegated to the city by the Legislature. It is further charged that in view of the legal relationship of the lot owners, the board, and the district court, on appeal, erred as a matter of law in requiring said owners to post the bond.

Protestant takes the position that the lot owners in the block are made tenants in common by the zoning order, tenants in common of the right to produce the oil and gas. He maintains that as a tenant in common he is privileged under the law to accept the bonus as fixed by the board and the district court or to participate in the working interest through the medium of an accounting on the part of the respondent after the well is completed as in the ordinary case of cotenancy. Moody v. Wagner, 167 Okla. 99, 23 P.2d 633.

The zoning of the block in question for oil and gas development did create among the lot owners therein a situation in the nature of an enforced tenancy in common of the right to produce the oil and gas. But, in order to exercise their individual and collective rights as established by the municipal regulation. said owners were at all times subject to the police powers of the city as delegated by the aforesaid statutes and as put in operation by the ordinances enacted pursuant thereto.

The fundamental right to full use and enjoyment of private property by its owner is not abridged in cases of this character except by valid regulatory measure enacted under the police powers of the state or municipality. The privilege of producing oil and gas from one's property is inherent in ownership, and may be fully exercised until legally restricted or entirely prohibited by enactments looking to the public welfare. The production of oil and gas is inherently dangerous, and it should be borne in mind that by reason of the very nature of the industry a greater necessity for more strict regulation would arise than in the usual and customary business conducted in a city. Statutes delegating general police powers are, in cases of this character, entitled to a broader and more liberal construction than is ordinarily accorded. The municipality will not be held strictly within the powers as designated. It may inaugurate any regulation that by reasonable implication will fall within its delegated powers. See 12 C. J. 910, sec. 418; 43 C. J. 193, sec. 190.

By its zoning ordinances the city in the instant case has permitted oil and gas development within its borders, and has named the conditions under which such development may be conducted. Those conditions lie largely within the city's official discretion, and are to be promulgated by ordinance in harmony with statutory authority. But the conditions and regulations must reasonably apply to all alike, and their enforcement must not result in taking the property of one for the benefit of another.

The zoning ordinances of Oklahoma City authorizing the issuance of permits to drill for oil and gas under circumstances as here presented have been recognized as a valid exercise of the police powers delegated by the statutes above mentioned. See Gant v. Oklahoma City, 160 Okla. 62, 15 P.2d 833; Anderson-Kerr, Inc., v. Van Meter, 162 Okla. 176, 19 P.2d 1068; Indian Ter., etc., Co. v. Larkins, 168 Okla. 69, 31 P.2d 608; Beveridge v. Harper & Turner Oil Trust, 168 Okla. 609, 35 P.2d 435; Rein

hart & Donovan Co. v. Refiners' Production Co., 175 Okla. 522, 53 P.2d 1116.

The board of adjustment may by order promulgate proper rules and regulation designed for the public safety, and its orders in this respect are in their nature judicial. and reviewable on appeal. Anderson-Kerr Inc. v. Van Meter, supra; Beveridge v. Harper & Turner Oil Trust, supra. But we have not as yet passed upon the question whether the requirement of bond as a condition to the right to participate in the working interest in lieu of bonus is a proper regulation.

Section 6176, above, sets out the powers that may be exercised by the board of adjustment in cases of this character. The provisions are as follows:

"(1) To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of this act or of any ordinance adopted pursuant thereto.

"(2) To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance.

"(3) To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

The statute further authorizes the board to adopt rules in accordance with the provisions of any ordinance adopted pursuant to the act.

The city ordinance aforesaid (sec. 25, ch. 37) provides in part that the board of adjustment shall fix the pro rata basis upon which the owners in a drilling block shall participate in the well drilled thereon, and in addition shall make any equitable order in relation thereto which may be proper in order that substantial justice may be done. The ordinance contains the further provision with reference to hearing on application for permit, as follows:

"Upon such hearing, the board shall examine all witnesses under oath and keep a record of its proceedings and shall have authority and shall make any requirements, regulations or orders which may be necessary, proper or equitable for all persons interested therein, and shall protect and safeguard the rights of all parties affected by such order. Any party affected by said order may appeal, as provided by law, to the district court."

So far as the production of oil and gas within the city limits is concerned, the ordinance is clearly within the powers delegated by the statute. The statute authorizes the board of adjustment to see that substantial justice is done among the parties. The ordinance recognizes that power in the board. and has proceeded to apply it in cases of oil and gas production, authorizing said board to enter such orders as will be equitable and just. Substantial justice as applied and used in this instance would require an adjudication of the legal and equitable rights of all parties whose property is affected by the city ordinance so far as those rights pertain to the oil and gas beneath the block. It would include an equitable allocation of the production to each unit of ownership, the determination of lease value and the fixing of the bonus therefor to which each nonleasing owner is entitled, and the percentage of royalties. Those powers are judicial, and the board's order determining those matters is to that extent an adjudication.

Here the city created the relationship as it now exists between the parties. Had it not been for the zoning ordinance none of the lot owners would have held an interest in the oil and gas rights beneath the lots of the others. The relationship in the nature of a tenancy in common resulted merely as an incident to the application of the city's police powers. The tenancy owes its existence to those powers and is entirely subject thereto. The parties cannot successfully assert their common-law rights as tenants in common. for such a tenancy actually does not exist.

The board of adjustment in considering the elements of substantial justice as aforesaid must also take into account the interests of the city in relation to its duty to promote the public safety. In furtherance of that duty the city should be, and is, entitled to know definitely with whom it shall deal and hold responsible in the matter of proper safeguard of the public interest. None but the operators of the well may be charged with the duty of proper and safe operations; and the city has legally arranged for and demands protection of individual property and personal rights by requiring bond on the part of the operators. Gant v. Oklahoma City, supra (affirmed 289 U. S. 98). By ordinance the city has provided that the owners or their lessees of 51 per cent. of the area may be per-

mitted to drill a well in the block on condition that such bond be given. If others are to participate in the working interest without becoming obligated on the operator's bond, it is through the good grace of the board of adjustment in an attempt to exercise its equitable powers as granted to it by the statutes and ordinances.

The board is not compelled to accord the foregoing privilege to a nonleasing lot owner. Without that privilege nothing has been taken from him and given to another in violation of any constitutional provision. His rights are entirely the creatures of the ordinances passed pursuant to the police powers. Those ordinances accorded him every right accorded other lot owners in the block. He was given the privilege of participating in the execution of the oil and gas lease or in a permit to drill. He chose to exercise none of the rights accorded to all. Thereafter he was subject to the valid regulations as adjudged by the board. If the board in the exercise of its equitable powers thought it proper to allow the protestant to participate in the working interest without becoming obligated upon the operators' bond, then, as an equitable principle, it could require as a condition precedent to the exercise of that privilege a bond to reimburse the operators for the expense incurred by them in carrying him for an interest in the well; and a time limit within which to post the bond was entirely proper. He must elect whether he shall accept the bonus or post bond and participate in the working interest. Though the ordinance may not specifically authorize the board to require the bond in question, its order in that respect was justified as a proper exercise of its equitable powers to protect and safeguard the rights of the parties. A municipal ordinance in the state of Kansas requiring such a bond in circumstances as here presented has been termed by the federal court a valid exercise of the police powers as delegated to the municipality by the state. Marrs v. City of Oxford, 24 Fed.2d (D. C.) 541, affirmed 32 Fed.2d (C. C. A.) 134. If he fail to post bond in the time allowed by the board or court on appeal, he will be presumed to have elected to accept the bonus. Here the protestant failed to post bond and failed to supersede the judgment of the district court. He is entitled to the bonus and royalties as fixed by the judgment, but may not now post bond and participate in the working interest. We find no error, and the judgment is accordingly affirmed.

It is so ordered.

BAYLESS, C. J., WELCH, V. C. J., and CORN, HURST, DAVISON, and DANNER, JJ., concur. RILEY and OSBORN, JJ., absent.