Dear Representative Ross,
¶ 0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following question:
Does Oklahoma law prohibit municipalities from privatizing theinvestigation of violations of their municipal codes by usingcontract personnel rather than municipal employees?
¶ 1 Attorney General Opinion 74-212 was concerned with a similar, but broader question: "Can a municipality delegate its police powers for the enforcement of its animal care ordinances to any organization?" The Attorney General opined in the negative. Therein, the Attorney General quotes, at page 186, the Oklahoma Supreme Court's explanation of police power:
 The term "police power" comprehends the power to make and enforce all wholesome and reasonable laws and regulations necessary to the maintenance, upbuilding and advancement of the public wealth and protection of the public interests.
(citing Ex Parte Tindall, 229 P. 125 (Okla. 1924)).
¶ 2 As to municipalities, the Attorney General explained, at page 187, that:
 The police power of the states may, in the absence of any constitutional restrictions on the subject, be delegated to the various municipalities throughout the state, to be exercised by them within their respective corporate limits, or even beyond where expressly authorized by statute or charter, even though the effect of the delegation is to commit to the municipal authorities a measure of discretion with respect to the circumstances under which the powers thus delegated shall be made effective.
(citing Shinn v. Oklahoma City, 87 P.2d 136 (Okla. 1939) andAmis v. Bryan Petroleum Corp., 90 P.2d 936 (Okla. 1939)).
¶ 3 However, it was further explained therein, at page 187, that municipalities may not further delegate their police power:
 Neither the state legislature nor any inferior legislative body to which a portion of the police power has been granted can alienate, surrender or abridge the right to exercise such power by any grant, contract, or delegation whatsoever, although in some jurisdictions no provision of controlling law expressly forbids such action. Each successive legislature is of equal authority.
(citing Nat'l Bank of Tulsa Bldg. v. Goldsmith, 226 P.2d 916
(Okla. 1951)).
¶ 4 Various police powers have been delegated to the municipalities of Oklahoma, including such powers as the following: suppression of gaming, gambling, disorderly houses, public indecency, nuisances and vagrancy; clearing and mowing property; condemnation of dilapidated buildings; control of fire hazards; traffic regulation; public health and quarantine; and zoning and land use. See 11 O.S. 22-108 through 11 O.S.22-123; 11 O.S. 43-101 through 11 O.S. 43-112 (1991-1998). As to each such police power, the legislative bodies of the various municipalities may enact ordinances and provide for misdemeanor penalties within their statutory authorization. See11 O.S. 14-101 (1991).
¶ 5 Enforcement of such ordinances may be accomplished by filing complaints in municipal court or by injunction actions in district court. In municipalities with populations of more than 200,000 people, 11 O.S. 28-101 (1991) establishes a court of record. All prosecutions commenced in the municipal court of record must have the endorsement of the municipal attorney. See11 O.S. 28-113 (1991).[1] All municipalities may create a municipal court not of record (11 O.S. 27-101 (1991)).[2]
All prosecutions in the municipal court not of record must be commenced by verified complaint. See 11 O.S. 27-115 (1991). Although the municipal attorney may serve as prosecutor in the court not of record, his or her endorsement is not required to commence the action. See 11 O.S. 27-108 (1991).
¶ 6 Upon the observance of a violation of a municipal ordinance, an original complaint may be initiated by a witness. Bringing the violation to the municipal court's attention is a matter of presenting the complaint, whether by the municipal attorney in either court (see 11 O.S. 27-108; 11 O.S. 28-113
(1991)), or by the complaining witness, upon verification, in the court not of record (11 O.S. 27-115 (1991)). Therefore, a complaining witness is not required to be a municipal official or even an employee of the municipality.
¶ 7 Oklahoma municipalities are statutorily empowered to "[m]ake all contracts and do all other acts in relation to the property and affairs of the municipality, necessary to the good government of the municipality, and to the exercise of its corporate and administrative powers." 11 O.S. 22-101(4) (1991). However, it is generally held that:
 The officers of a municipal corporation cannot confer public powers upon others, nor delegate legislative powers; nor can powers conferred upon, or which appertain, or properly belong, to any office or department be surrendered or transferred and be performed by others. These principles apply to all municipal contracts. No part of any power conferred upon the corporation can be transferred or delegated to other persons, nor can the city or town through its officers grant away by contract or otherwise to private corporations or individuals the authority to control the powers and functions properly pertaining to the municipal government. . . . A governmental function is one undertaken because of a duty imposed upon the municipality for the welfare or protection of its citizens.
EUGENE McQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS 29.07, at 285 (3d ed. 1988).
¶ 8 The Oklahoma Supreme Court has stated:
 [W]hen the constituted authorities raise money by taxation they are charged with the duty not only of expending such money for that which is ultimately in the public good and therefore for a public purpose, but also of expending it by or through public officers or public agencies. Thus the expenditures are fully controlled by those persons or agencies which in turn are subject to the control of the public which pays taxes and thereby creates the public funds. . . . And . . . public money may not be appropriated to a private corporation or organization, operating entirely without governmental supervision or control, no matter how wholesome may be the purpose or function of such organization nor how beneficial its activities may be to that portion of the public with which it comes in contact.
Veterans of Foreign Wars v. Childers, 171 P.2d 618, 622-23
(Okla. 1946) (emphasis added).
¶ 9 Therefore, Oklahoma municipalities may contract with private agencies to inform municipal officials of municipal code violations and to present such information in the municipal courts as other witnesses might do. Such contractors must remain subject to the supervision and control of municipal officials, and may not be delegated discretionary powers and functions.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Oklahoma municipalities may contract with private agencies toinform municipal officials of municipal code violations and topresent such information in the municipal courts as otherwitnesses might do. Such contractors must remain subject to thesupervision and control of municipal officials, and may not bedelegated discretionary powers and functions pursuant to 11O.S. 14-101; 11 O.S. 22-101(4); 11 O.S. 27-115; 11 O.S.28-113 (1991).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN CRITTENDEN ASSISTANT ATTORNEY GENERAL
[1] Upon hearing by the municipal court of record, the maximum penalty which may be levied is a fine not exceeding $1,200.00 and/or imprisonment not exceeding six (6) months. See 11 O.S.28-102 (1998).
[2] These municipal courts may impose a maximum penalty not to exceed a fine of $200.00 and/or imprisonment of thirty (30) days11 O.S. 14-111(C) (1991)).