## MORRIS v. CAULK.

No. 3755. Opinion Filed December 1, 1914.

(144 Pac. 623.)

1. **APPEAL AND ERROR—Presentation for Review—New Trial.** Where the record contains no order of court overruling the motion for new trial, and matters occurring at the trial are the only points urged in the assignments of error, there is nothing properly before this court for review.

2. **APPEAL AND ERROR—Case-Made—Dismissal.** Where a case-made is not served within the three days allowed by law, and contains no order of court, made within the three days, and filed with the clerk, allowing an extension of time, the court is without jurisdiction, and the appeal will be dismissed.

(Syllabus by Brewer, C.)

*Error from County Court, Caddo County;*

*C. Ross Hume, Judge.*

Action between Wesley Morris and H. F. Caulk. From the judgment, Morris brings error. Dismissed.

*Dyke Ballinger,* for plaintiff in error.

*A. J. Morris,* for defendant in error.

Opinion by BREWER, C.  The defendant in error in the above styled cause filed in this court on October 28, 1914, a motion to dismiss the appeal, alleging three specific reasons therefor, among them the following:

"Second.  The case-made does not contain an order overruling the motion for new trial.

"Third.  The case-made was not served within three· days after the motion for new trial purports to have been overruled, and contains no order extending the time to make and serve a case-made beyond the statutory three days, and this court has no jurisdiction to review the errors alleged."

We have examined the record before us, and believe that both points are well taken.  On the first point mentioned, while it is true that there is a recital in the case-made that the motion for a new trial was in fact overruled and excepted to, yet it appears therein merely as a recital, and there is no order of court exhibited to such effect.  On the second point, there is also a recital in the case-made that the court allowed plaintiff in error 90 days to make and serve the case-made, etc., but this is also nothing more than a mere statement, and does not show to be an order of court, or that same was ever entered in the journals, or the order therefor signed and filed with the clerk as required. The appeal should be dismissed.  On first point, see *Ford v. McIntosh,* 22 Okla. 423, 98 Pac. 341; *Olentine v. Powell,* 23 Okla. 363, 100 Pac. 556. On second point, see *Nelson v. Pittsburg Mtg. Inv. Co.,* 43 Okla. 208, 141 Pac. 1197; *Waggoner v. Mounts et al., ante,* 143 Pac. 1196; *Springfield F. & M. Ins. Co. v. Gish, Brook & Co.,* 23 Okla. 824, 102 Pac. 708; *Ellis v. Carr,* 25 Okla. 874, 108 Pac. 1101; *Casner v. Smith,* 28 Okla. 303, 114 Pac. 255; *Fife v. Cornelous,* 35 Okla. 402, 124 Pac. 957.  Also see *Mobley v. C., R. I. & P. Ry. Co. post,* and a long list of cases cited.

By the Court:  It is so ordered.