Note.—See under (1) 33 Cyc. p. 125. (2) 10 C. J. p. 54 §41. (3) 10 C. J. p. 480 §762. (4) 10 C. J. pp. 55, 56 (Anno) §41. (5) 33 Cyc. p. 125. (6) 33 Cyc. p. 125 (Anno). See under (1, 3) anno. 28 L. R. A. (N. S.) 1013; L. R. A. 1915E, 682; L. R. A. 1918B, 795; 4 R. C. L. p. 681; 1 R. C. L. Supp. p. 1196. (4) 2 R. C. L. p. 194; 1 R. C. L. Supp. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.

---

## BIGPOND v. DAVIS et al.

No. 16015—Opinion Filed June 15, 1926.

(Syllabus.)

1. **Appeal and Error—Record—Minutes of Trial Clerk.**

The minutes of the clerk constitute no part of the record lodged in this court on appeal.

2. **Same—Defective Record of Order Denying New Trial.**

Where the record does not contain an order of the court overruling a motion for a new trial, a mere recital therein transcribed from the clerk's minutes is not sufficient to bring the appeal before this court for review.

Error from District Court, Creek County; John L. Norman, Judge.

Action between Louis Bigpond, a minor, by his guardian, and L. R. Davis, and others. From the judgment, the former brings error. Dismissed.

Leroy J. Burt, for plaintiff in error.
Streeter Speakman, for defendants in error.

PER CURIAM. This case is appealed from the district court of Creek county, and defendants in error move the dismissal of the appeal upon the ground that there is no order of the court in the record overruling the motion for new trial. There appears in the record the following recital:

"And now this cause came on for further hearing before the court, and judgment rendered as per journal entry; and the plaintiff files his motion for a new trial, and said motion is overruled, and exceptions allowed. And now upon notice in open court of the plaintiff's intention to appeal to the Supreme Court of Oklahoma, the court granted 60 days to make case-made, 10 days to suggest amendments, and 5 days' notice to settle and sign said case-made."

This recital was copied into the record from the clerk's minutes, as the record itself shows, and not from the journal of the court, and the clerk's minutes constitute no part of the record. Section 685, C. O. S. 1921, provides that "all judgment and orders must be entered on the journal of the court and specify clearly the relief granted or order made in the action." An analogous question was before the court in the case of DeWatteville v. Sims, 44 Okla. 708, 146 Pac. 224, when the court held as follows:

"This memorandum made by the court constitutes no part of the record in the case. It is customary for the trial court to keep such a record, but there is no statutory provision for the same, and it is not part of the record proper."

In Pennock et al. v. Monroe, 5 Kan. 578, we find the following:

"It is true that the record contains a copy of the minutes made by the judge, be-

fore whom the case was tried, upon his trial docket and under the title thereof. But this is all that appears. Such minutes are no part of the record in any case, and might be omitted entirely without affecting in any manner the validity of any proceedings had or determined therein by the court."

The minutes of the court as disclosed by its trial docket not being a part of the record, it necessarily follows that the minutes of the clerk are not and cannot be made so by simply transcribing them therein.

The record contains no order of the court overruling motion for a new trial, and this is fatal to the appeal. The recital in the record heretofore set out is not an order of the court, but a mere transcript of the minutes of the clerk. An order overruling a motion for a new trial should be made and entered in the court's journal in the same manner as though it were a judgment.

In Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067, in an opinion by Mr. Justice Riley, the court uses this language:

"An order of the trial court overruling a motion for a new trial must be made with the same solemnity as a judgment on the merits, and a mere recital in the clerk's minutes as in the case at bar, which finds its way into the case-made, cannot be substituted for such an order, or supply the defect for failure to make it."

The court in its opinion quotes with approval from Morris v. Caulk, 44 Okla. 342, 144 Pac. 623, as follows:

"On the first point mentioned, while it is true that there is a recital in the case-made that the motion for a new trial was, in fact, overruled and excepted to, yet it appears therein merely as a recital, and there is no order of court exhibited to such effect."

And in support thereof are cited Ford v. McIntosh, 22 Okla. 423, 98 Pac. 341; In re Garland, 52 Okla. 585, 153 Pac. 153; Courtney v. Moore, 51 Okla. 628, 151 Pac. 1178.

In the absence from the record of an order of the court overruling the motion for a new trial, as indicated in this opinion, there is nothing before the court for its consideration and the appeal is dismissed.

Note.—See under (1) 4 C. J. p. 100 §1705. (2) 4 C. J. p. 163 §1769.