[Civ. No. 9175. Second Appellate District, Division Two.—December 31, 1934.]

D. N. BARONI, Respondent, v. HOWARD L. MUSICK, Appellant.

Dan M. Critchley for Appellant.

Hickcox & O'Connor for Respondent.

STEPHENS, P. J.—Plaintiff's complaint, based on the common counts, alleged a balance of $6,350 due his assignor, an attorney at law, for professional services rendered defendant, and the sum of $31.50 laid out and expended by said assignor, at defendant's request, for costs of suit. A bill of particulars furnished defendant by plaintiff showed that the charges for legal services were based on fees allegedly agreed to be paid by defendant in six actions, viz.: one of $5,000, one of $1,000, a fee of $1,000 agreed to be paid for three separate cases, and a fee of $250 allegedly agreed to be paid for the defense of an action against defendant. The jury returned a verdict of $5,000 in favor of plaintiff, upon which judgment was entered by the court. Defendant appeals.

Appellant urges that the "evidence received and the findings by the jury thereon" do not support the cause of action made by the pleadings. In other words, the contention is that if the jury had found that fees in the sum of $7,250 and costs of $31.50, less payments of $900, as alleged in the complaint as exemplified by the bill of particulars, had been expressly agreed to be paid, the verdict should have been for the sum of $6,381.50, and that in consequence the jury must have impliedly found adversely to plaintiff's contention of agreed fees. If the complaint alleged and the evi-

dence showed *one* agreed fee of $7,250, we believe such contention would be good. The complaint and bill of particulars allege, however, and plaintiff's evidence shows, four separate fees aggregating such amount. The defendant admitted that he agreed to pay plaintiff a fee of $1,000 for his services in the three separate cases, but denied that there was any fee agreed upon in the other three cases. Under the issues raised by the pleadings and the evidence, the jury might well have found for the plaintiff on the admitted $1,000 fee and for the defendant on the remaining $1,000 fee and the costs advanced. In such case, with the credit of $900, plaintiff would have been entitled to a fee of $5,100, or $100 more than the amount of the verdict. The verdict returned was in the sum of $5,000, exclusive of all former payments.

■ The bill of particulars must be regarded as an amplification of the complaint, and as if it had been incorporated in the amended complaint. (*Treadwell* v. *Nickel*, 194 Cal. 243, 263 [228 Pac. 25].) Plaintiff's right to recovery was therefore limited to proof of an express contract for the payment of the fees alleged. ■ Plaintiff's proof was in support of his complaint as amplified. Defendant's evidence was against the existence of any such contracts, with the one exception hereinbefore mentioned. He did attempt to show by an experienced attorney that the reasonable value of all of the services rendered by plaintiff was $500 and no more. It is evident, however, that such evidence was introduced as tending to show that defendant would not have expressly agreed to pay the large fees claimed by plaintiff. Plaintiff attempted to show by another attorney that the contracts were fair and reasonable in view of the services rendered. An instruction was given by the court at defendant's request directing the jury to return a verdict in favor of defendant if they found the contracts did not exist or were not made as alleged by plaintiff, and an instruction given at the request of plaintiff directed a finding for plaintiff if the jury found that such contracts were made by the parties. All of the instructions offered by the parties indicate that the case was tried on the theory that recovery by plaintiff could only be had if such contracts were found to have been made. In view of the fact that the jury did not find for defendant under the instruction offered by him, we must assume that they found for plaintiff

as to the existence of contracts in excess of the amount of the verdict, and therefore we fail to see how defendant has been injured because plaintiff has accepted a verdict for something less than he could have had.

After an examination of the record, including the evidence and proceedings as shown by the reporter's transcript, we see no merit in the contention that there was misconduct on the part of the court and respondent's attorney during the trial. Nor do we find any error in the giving or refusing to give certain instructions.

The judgment is affirmed.

Crail, J., concurred.

This opinion was prepared by Archbald, J., *pro tem.*

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 25, 1935.