### REINHART & DONOVAN CO. et al. v. REFINERS' PRODUCTION CO. et al.

No. 24111.   Jan. 21, 1936.

Twyford & Smith, William J. Crowe, George F. Short, Edward Howell, and G. B. Fulton, for plaintiffs in error

Louis W. Pratt, M. D. Green, and Eric Haase, for defendants in error.

BUSBY, J. This case arises under the zoning ordinances of Oklahoma City. It is on appeal from an order of the district court of Oklahoma county granting to the Refiners' Production Company a permit to drill an oil and gas well within the corporate limits of Oklahoma City. In the trial court the plaintiffs in error were denied the right to supersede the judgment granting the permit. No further effort was made by them to obtain an order granting supersedeas. Practically the full statutory time was taken to perfect this appeal. Thereafter extensions of time were taken in this court to brief the case upon the merits and still no additional effort to obtain an order permitting supersedeas. In the meantime the well was drilled under the permit and production commenced. After the well had been completed an unsuccessful effort was made to obtain an order of this court appointing a receiver to take charge of the property.

In the proceedings before the district court a number of the plaintiffs in error, asserting title to the property in question to be in themselves, undertook to question the apparent title of the lessors of the Refiners' Production Company and the validity of the lease of that company. The trial court held, and we think properly, that the question could not be determined in the case at bar. It also appears in connection with the questions of title and the right to possession and use of the property, other actions were then pending between the parties now before us involving those questions. An unsuccessful effort was made in the trial court to procure an order consolidating those actions with this proceeding.

The plaintiffs in error complain of the adverse rulings of the trial court in declaring its own jurisdiction to be thus limited in this case and in refusing to make the order of consolidation.

The procedure involved in this class of cases has been formerly reviewed by this court and need not be again considered in detail. Anderson-Kerr, Inc., v. Van Meter et al., 162 Okla. 176, 19 P. (2d) 1068; Beveridge et al. v. Harper & Turner Oil Trust et al., 168 Okla. 609, 35 P. (2d) 435; Indian Territory Illuminating Oil Co. et al. v. Larkins et al., 168 Okla. 69, 31 P. (2d) 608.

The power of the district courts of this state to try and determine this class of cases de novo on appeal is conferred by section 6177, O. S. 1931. If we regard the jurisdiction of the district court as purely appellate, it can try no other or different issues or questions than those properly triable before the board of adjustment, such being the nature of and limitation upon appellate jurisdiction. In re Dave Bucher, Co. Atty., 162 Okla. 168, 20 P. (2d) 150. If, on the other hand, we regard the use of the word "appeal" as a misnomer in the statute and consider the so-called appeal as merely a method of obtaining a judicial review of the discretionary action of an administrative board, the scope of the questions presented for decision would in general remain the same, although the nature of the hearing would change from one administrative in character before the administrative board to one strictly judicial before the district court. In either case the scope of inquiry must be determined by reference to the statute conferring the power to hear and decide.

The procedure provided and the powers authorized to be exercised in connection therewith (secs. 6176 and 6177, O. S. 1931) were designed for the purpose of determin-

ing whether permits should be granted under or as an exception to the terms of the zoning ordinance. A careful scrutiny of the applicable statutory provisions fails to disclose any intention on the part of the Legislature to provide a new method of determining disputes between individuals concerning the right of possession of or title to real estate. Nor do we think either the board of adjustment or the district court on appeal therefrom is authorized to decide such questions in this character of proceeding. In other words, the real question to be decided in this proceeding is, "Should a well be permitted to be drilled?" not "Who is entitled to drill the well or who has title to the real property?" We do not mean to indicate that such board or court may not require the applicant for a permit to make a showing reflecting some right or the basis of some colorable claim before proceeding with the consideration of his application. This for the purpose of eliminating frivolous applications.

Our decision is that the procedure involved is not available for determining disputes as to title or right of possession between individuals.

It necessarily follows that the permit when granted to a particular applicant does not decide the right of that applicant to enter upon or occupy the premises as against adverse claimants. When such a dispute arises it should be decided in an appropriate proceeding. It also follows that the power of the court in such a proceeding is in no wise limited by the fact that one of the parties holds a permit authorizing a particular use of the property. If otherwise proper, the holder of the permit may be excluded from the property. Neither the decision of the trial court in this case nor our decision herein on appeal determines the property rights of the parties or the title to the property in question.

It is urged in connection with the contention under consideration that this is an equitable case, and that the jurisdiction of equity having been invoked for one purpose, is available for a complete determination of all of the rights of the parties, including the determination of who owns the property upon which the oil and gas well was drilled. The argument is based upon a misconception and a strained literal interpretation of some of the language used in the case of Anderson-Kerr v. Van Meter, supra. The decision of cases of this character, as was held in that case, involves the application of

equitable principles and authorizes the testing of the sufficiency of the evidence by equitable standards. The case, however, is not a case in equity, as that term is used in its strict sense, and we did not so hold. It is, on the contrary, a special statutory proceeding, the purpose and scope of which is determined by the creative statutes.

The proceeding under review is not such an action as might have been joined with the other actions instituted to determine property rights. The trial court was therefore not, as is contended by plaintiffs in error, required to enter an order of consolidation under section 257, O. S. 1931.

The remaining question is: Should the trial court have granted the permit? The question is moot and will not be decided, under authority of Westgate Oil Co. v. Refiners' Production Co., 172 Okla. 260, 44 P. (2d) 993. The permit was granted and the well was drilled.

An attempt has been made by plaintiffs in error to distinguish this case from the cited case. The attempted distinction is upon immaterial matters except questions relating to title, which, as we have seen, were properly excluded by the trial court.

The proper order upon a moot question is one of dismissal. The judgment of the trial court in this case is therefore affirmed in part and the appeal dismissed in part as indicated by this opinion.

McNEILL, C. J., OSBORN, V. C. J., and RILEY and PHELPS, JJ., concur.