BURGIN v. MID-CONTINENT PETROLEUM CORP. et al.

No. 29979. April 1, 1941.

Rehearing Denied April 29, 1941.

*112 P. 2d 802.*

Hughey Baker and Raymon B. Thomas, both of Tulsa, for plaintiff in error.

J. C. Denton, R. H. Wills, J. H. Crocker, I. L. Lockewitz, and J. P. Greve, all of Tulsa, for defendants in error.

PER CURIAM. This is an appeal by William Burgin from the final order of the district court of Tulsa county in a proceeding commenced before the Board of Review under the Oklahoma Unemployment Compensation Law, chapter 52, S. L. 1936, § 6, as amended, 40 Okla. St. Ann. § 216. The petitioner filed his petition to review the order of the Board of Review, and in compliance with the statutory regulation the respondent filed its answer and set up as exhibits the proceedings had before said board.

The final order of the district court was entered on the 18th day of January, 1940, and the petition in error was filed in the Supreme Court on July 24, 1940, more than six months after the entry of the final order of the district court. It is conceded and admitted that a motion for new trial was filed and passed upon on the 27th day of January, 1940, and that if such proceeding on the motion was proper, the appeal is filed in time, otherwise it should be dismissed.

We have never had occasion to consider the particular question in this state nor do we find any authority cited by either side from this court directly determinative of this question. We shall therefore not discuss the cases cited other than to point out that they arose under trials in courts where the proceedings

had originated by the filing of the case without a former hearing by any board or commission.

Chapter 52, S. L. 1936, as amended, sets up an elaborate proceeding for hearing unemployment claims, and provides that a petition may be filed in the district court to review the order of the Board of Review. After certain provisions with relation thereto, it is then stated:

"With its answer the Board of Review shall certify and file with said court all documents and papers and a transcript of all testimony taken in the matter, together with its findings of fact and decision therein. The Board of Review may also, in its discretion, certify to such court questions of law involved in any decision by it. In any judicial proceeding under this section the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. Such actions, and the questions so certified, shall be heard in a summary manner and shall be given precedence over all other civil cases."

This chapter makes issues of fact final where supported by the evidence except in a case where the petitioner alleges fraud. No fraud was alleged in the case at bar.

It is argued that this section above referred to makes the review and the order thereon a judgment on the pleadings as defined by this court in Rorem v. Bodine, 178 Okla. 235, 62 P. 2d 630, and a long line of related authorities in which it is held that where a judgment is entered on the pleadings the filing and determination of a motion for new trial is unauthorized and serves no purpose to extend the time for appeal.

Section 348, O. S. 1931, 12 Okla. St. Ann. § 554, provides:

"An issue of fact arises: First, upon a material allegation in the petition, controverted by the answer; or, second, upon new matter in the answer, controverted by the reply; or, third, upon new matter in the reply which shall be considered as controverted by the defendant without further pleading."

Section 398, O. S. 1931, 12 Okla. St. Ann. § 651, defines a new trial as follows:

"A new trial is a re-examination, in the same court, of an issue of fact, after a verdict by a jury, the approval of the report of a referee, or a decision by the court."

A new trial is a re-examination in the same court of an issue of fact after trial. 20 R. C. L. New Trial, § 2. Accordingly, when there has been no trial of the cause upon issues of fact, a motion for new trial will not be entertained. 20 R. C. L. New Trial, § 2, note 9; Abbey Land Co. v. San Mateo County, 167 Cal. 434, 139 P. 1068; Ann. Cas. 1915C, 804; 52 L. R. A. (N. S.) 408; Owen v. District Court, 43 Okla. 442, 143 P. 17; Ann. Cas. 1917C, 1147. Without deciding at this time whether the proceedings filed with the answer became a part of the pleadings, the action of the district court was not a trial of an issue of fact, but a review confined by the terms of the act itself to questions of law, since no issue of fraud was presented.

We therefore hold that no motion for new trial was necessary or proper, and the filing and determination thereof served no purpose to extend the time for filing the appeal.

Appeal dismissed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.