McGRATH v. RROWN et al.

No. 29946.   May 20, 1941.

Rehearing Denied Dec. 23, 1941.

Application for Leave to File Second
Petition for Rehearing Denied
Jan. 13, 1942.

120 P. 2d 624.

H. A. Wilkinson, George A. Fitzsimmons, and Roscoe Bell, all of Oklahoma City, for plaintiff in error.

Paul G. Darrough and Bland West, both of Oklahoma City, for defendant in error Tower Production Company.

GIBSON, J. This is an appeal from an order and judgment of the district court dismissing for want of jurisdiction an amended cross-petition filed by plaintiff in error McGrath in a proceeding theretofore filed in said court on appeal from an order of the board of adjustment of the city of Oklahoma City.

The order of the board aforesaid was issued on the application of the defendant in error Brown pursuant to sections 6170-6179, O. S. 1931, 11 Okla. Stat. Ann. §§ 401-410, and certain municipal ordinances, and constituted a permit to drill an oil and gas well in an area zoned for that purpose by the city authorities. Certain interested parties who had appeared before said board and protested the application for said permit appealed to the district court as provided by section 6177, supra, and the ordinances enacted pursuant thereto.

After the appeal was lodged in said court, McGrath, as an alleged owner of a portion of the land affected by the order, and as one who had not executed a lease to Brown, appeared for the first time in court and filed his protest against the issuance of the permit, and, 'in the alternative, sought an order permitting him to participate with Brown in the drilling operations as a joint owner to the extent of his proportionate interest in the area to be affected by the well. This protest and petition was continued by agreement pending the hearing on the original protest aforesaid.

Without further action on McGrath's pleadings, the court affirmed the order of the board, and the protesting parties appealed to this court, where the judgment was reversed and the cause remanded, with directions to dismiss the proceedings for the reason that all questions presented had become moot, since Brown had completed the well for which the permit was issued (Keaton v. Brown, 171 Okla. 38, 45 P. 2d 109).

Subsequent to mandate, McGrath appeared in district court and obtained permission to amend his former pleading and to present the same as amended in the form of a cross-petition wherein he sought an order allowing him to participate in the drilling operations as an owner and to pay his portion of the expense thereof out of his prorata part of the oil produced. The court dismissed the cross-petition as above related, and this appeal resulted.

McGrath relies principally on Amis v. Bryan Petroleum Corporation, 185 Okla. 206, 90 P. 2d 936, as authority for his argument that the district court on appeal had jurisdiction to hear and de-

termine his petition and to grant the relief sought.

Defendants in error say that the jurisdiction of the district court in cases of this character is governed by the general rule relating to appellate procedure as modified by the statutes; that said court is limited in its jurisdiction to a determination of the questions properly presented to and determined by the board of adjustment and as specified in the notice of appeal as provided by section 6177, above.

In Reinhart & Donovan Co. v. Refiners' Production Co., 175 Okla. 522, 53 P. 2d 1116, we said that whether the jurisdiction of the district court in cases of this character should be regarded as appellate only and limited to a trial of the issues properly triable before the board, or whether we regard the word "appeal" as used in the statute as a misnomer and consider such appeal merely a method of obtaining review of a discretionary action of an administrative board, the scope of the questions for decision would in general remain the same, although the nature of the hearing would change from one administrative in character before the board to one strictly judicial before the district court. In either case, it was said, the scope of inquiry must be determined by reference to the statute conferring the power to hear and decide.

Section 6177 provides that any person aggrieved may appeal from the order of the board by filing with the clerk thereof a notice of appeal in the time fixed by ordinance, and that the notice "shall specify the grounds of such appeal." This would limit the scope of review to the grounds so specified. Unless the particular question was before the board for its determination, and its decision thereon specified in the notice as a ground of appeal, the district court would be without jurisdiction of the question. The statute clearly indicates that the board should have exclusive original jurisdiction in all matters of proper presentation for its determination, and the district court appellate jurisdiction only. This is further borne out by our decision in Amis v. Bryan Petroleum Corporation, supra. We held there that the action of the board, and of the district court on appeal, in determining as between the landowners and the lessee the questions of bonuses, royalties, and participation in operations, was a judicial function. This would mean that the jurisdiction of the district court is appellate only, and its review governed wholly by the general rule that the appellate court in a judicial proceeding is confined in its review to the questions presented to and determined by the lower tribunal and properly assigned on appeal in the manner provided by law (see In re Bucher, County Attorney, 162 Okla. 168, 20 P. 2d 150).

The plaintiff in error here did not present to the board the questions he now seeks to try in the district court. He did not, and could not in the circumstances, assign any ground of appeal by a notice of appeal as provided by the statute, which was necessary to the court's jurisdiction. The court, therefore, was without power to entertain his cross-petition, and this notwithstanding the alleged consent on the part of the other party to the filing of his pleading; jurisdiction of the subject matter cannot be conferred by agreement.

The judgment is affirmed.

CORN, V. C. J., and RILEY, OSBORN, and ARNOLD, JJ., concur.