MODERN BUILDERS, Inc., v. BOARD OF ADJUSTMENT OF CITY OF TULSA et al.

No. 31287. Oct. 5, 1943.

*141 P. 2d 800.*

Chas. L. Yancey, Kavanaugh Bush, and Charles P. Gotwals, Jr., all of Tulsa, for plainitff in error.

E. M. Gallaher, City Atty., and Eban L. Taylor, both of Tulsa, for defendants in error.

PER CURIAM. On June 16, 1942, the Modern Builders, Incorporated, filed an application for a building permit. This application was filed before the board created by the ordinance of the city of Tulsa, which ordinance provides for an appeal to the district court. The board denied the application.

On the 6th day of July, 1942, the district court of Tulsa county heard the same on appeal and likewise denied the

application. The Modern Builders filed a motion for new trial and attempt to appeal from the order overruling the motion for new trial. The petition in error with case-made attached was filed January 11, 1943, and it is conceded that no appeal was perfected from the order entered July 6, 1942, unless the proceeding filed authorized the filing and determination of a motion for new trial. A motion to dismiss has been filed for the reason that no motion for new trial is necessary.

We are of the opinion and hold that the motion for new trial was not necessary and served no purpose to extend the time for the filing of an appeal. The appeal from the ordinance involved was a special proceeding. Reinhart & Donovan v. Refiners' Production Co., 175 Okla. 522, 53 P. 2d 1116.

In a special proceeding a motion for new trial is not necessary in order to review the action of the trial court. Burgin v. Mid-Continent Petroleum Corporation, 188 Okla. 645, 112 P. 2d 802; Sweeney v. Tulsa County Excise Board, 183 Okla. 211, 80 P. 2d 582.

The filing and determination of the motion for new trial did not extend the time to file the appeal. The appeal is dismissed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. HURST, J., absent.