194 P.2d 441

**WRIGHT et al. v. LEYDA et al.**

No. 4985.

Supreme Court of Arizona.

June 7, 1948.

Evo De Concini, Atty. Gen., and Perry M. Ling, Chief Asst. Atty. Gen., for appellants.

Frank W. Beer and Curtis E. Weland, both of Phoenix, for appellees.

STANFORD, Chief Justice.

The San Marcos Hotel Company, of Chandler, Arizona, filed its application before the Arizona Corporation Commission for a certificate authorizing the transportation of its guests and their baggage from the railroad station or airport to the hotel and for the rental of chauffeur driven cars for hotel guests in Chandler, Arizona, and vicinity. (Seasonal operation from December 1 to May 1 each year.)

The opinion and order issued by the Commission under date of October 21, 1946 in part reads:

"The matter came on for hearing before the Commission, October 14, 1946, at which time the evidence adduced was sufficient to justify the granting of this application with the stipulation that the rental of

chauffeur driven cars for hotel guests be deleted from the certificate.

"It Is Therefore Ordered that the application herein be and the same is hereby granted with the above stipulation."

The appellees who opposed the granting of the certificate referred to, on November 14, 1946, filed before the Commission a motion for rehearing, which was denied by the Commission.

Thereafter an action was commenced, as authorized under Sec. 69-249, A.C.A. 1939, in the Superior Court asking that the order of the Commission be adjudged void and illegal and be vacated and set aside. Following the filing of the complaint, appellants filed a motion to dismiss upon the grounds that the court lacked jurisdiction over the subject matter of the action and that the complaint failed to state a claim upon which relief could be granted, action on which was deferred. December 30, 1946, the appellants filed their answer to the complaint.

One of the allegations of the complaint was: "That said entitled application was set down for hearing and thereafter on the 21st day of October, 1946, the Arizona Corporation Commission, by its decision No. 16760, granted a certificate of public convenience and necessity to the San Marcos Hotel Company, * * *"

The case was set for trial on January 8, 1947, and on January 7th appellees secured an order of the court to amend by interlineation the paragraph last above quoted to read as follows: "That said entitled application was set down for hearing and thereafter on the 8th day of November, 1946, the Arizona Corporation Commission, by its decision No. 16760, granted a certificate of public convenience and necessity to the San Marcos Hotel Company which was received by the plaintiffs on November 9th, 1946, * * *"

At the trial the appellees presented their evidence and rested. The appellants offered no evidence but stood on their motion to dismiss. The matter was taken under advisement and on the 23rd day of January, 1947, the trial court sustained the motion to dismiss the action in these words, "and said motion going to jurisdiction, no leave to amend was granted."

Thereafter, on January 30, 1947, a verified motion for new trial was filed by appellees on the ground of newly discovered evidence, and such alleged evidence being that the order in question, dated October 21, 1946, was not actually docketed until December 9, 1946. The motion was not supported by affidavits of witnesses showing the substance of their testimony. On February 24, 1947, the trial court granted appellees' motion for a new trial, and it is from the granting of this motion that appeal was brought to this court.

The five assignments of error of appellants are as follows:

"1. The Court erred in granting appellee's motion for a new trial based upon newly discovered evidence, when the cause had been determined upon a motion to dismiss appellee's complaint.

"2. The Court erred in granting a motion for a new trial after more than twenty days had elapsed from the date of the rendition of judgment.

"3. The Court erred in granting a new trial on the ground of newly discovered evidence, where it appeared that appellee's knew of the existence of such evidence at the time of the previous hearing.

"4. The Court erred in granting a new trial on the ground of newly discovered evidence, where the motion for new trial was not supported by affidavits of the witnesses showing the substance of their testimony, in the event a new trial was granted.

"5. The Court erred in granting a new trial on the ground of newly discovered evidence where such evidence would not have probably changed the result of the trial, where reasonable diligence was not used to procure the same for use at such trials, where no continuance of the trial was requested to obtain the same and where such evidence tended to impeach evidence previously introduced at the trial by the moving party."

Appellants contend: "* * * This matter is resolved by the pleadings. Paragraph III of the complaint, as amended, alleges that Decision No. 16760 of the Arizona Corporation Commission was made on November 8, 1946. Paragraph 3 of the Answer, as amended, denies that said Decision was made on November 8, 1946, and alleges that said Decision was made on October 21, 1946. It was upon the failure of plaintiffs to sustain the burden of proof on this issue that defendants' motion to dismiss at the close of plaintiffs' evidence was sustained by the trial court."

On the subject of appellants' assignment No. 1, the same is clearly set forth by their first proposition of law, which is: "Where an action is dismissed on a motion of defendants addressed to the jurisdiction of the Court over the subject matter of the complaint, no trial has been had which will entitle plaintiff to a new trial on the ground of newly discovered evidence."

The trial court's judgment was rendered on a question of law, whereas the appellees' motion for a new trial is based solely on a question of fact and the court lost jurisdiction when it ruled on the motion.

Article 16, Section 5, of the Rules of Practice and Procedure of the Commission reads: "All such petitions shall be filed within 20 days from the date of the order of the Commission."

Section 69-244, A.C.A.1939, provides, "* * * Said order shall take effect and become operative twenty (20) days after the service thereof, * * *."

244

■ We must necessarily determine this appeal from the pleadings before us, as there is no reporter's transcript of the proceedings had or any factual findings by the trial court. Public officers are presumed to do their duty and official records, such as the order bearing the date of October 21, 1946, imply verity. The trial court, before passing upon the appellants' motion to dismiss, heard evidence of the appellees, at which time we must assume they failed to establish that their application for rehearing was timely filed.

Certainly if the effective date of the order was December 9, 1946, as now contended, the petition for rehearing before the Commission was premature and there could be no action under Section 69-249, A.C.A.1939, to set aside such order.

It is the contention of the appellants that the judgment having been arrived at through a ruling on a motion addressed to the jurisdiction of the court, there was, in fact, no trial had. From 39 Am.Jur. New Trial, Sec. 20, p. 44, we quote: "A new trial cannot be had, very evidently, unless there has been a trial of the disputed issue. The hearing of evidence after default in a divorce proceeding is not a 'trial,' as the term is used in statutory provisions for new trial. Again, a motion for a new trial will not be entertained where it appears that there was no trial of the cause upon issues of fact, for example, where the case, pursuant to stipulation, was submitted upon the pleadings, leaving the court to decide for either party as it deemed proper under the law and upon the facts stated. It has been held that an issue which may be re-examined upon a new trial arises only where an allegation of material fact has been denied or controverted; * * *"

■ It is the opinion of this court that where the trial court's decision was rendered solely upon the question of law a motion for new trial on the grounds of newly discovered evidence is improper for additional evidence to strengthen the allegations of the complaint could in no way give jurisdiction to the court. From Abbey Land & Improvement Co. v. San Mateo County, 167 Cal. 434, 139 P. 1068, 52 L.R.A.,N.S., 408, Ann.Cas.1915C, 804, we quote: "There is also an appeal from an order dismissing the defendants' motion for a new trial. There was no trial of the cause upon issues of fact, and therefore a motion for a new trial could not be entertained. The court below properly refused to consider it, and it calls for no further discussion in this court. * * *"

■ From the case of Burgin v. Mid-Continent Petroleum Corporation, 188 Okl. 645, 112 P.2d 802, 803, we quote: "A 'new trial' is a re-examination in the same court of an issue of fact after trial. 20 R.C.L., New Trial, Sec. 2. Accordingly, when there has been no trial of the cause upon issues of fact, a motion for new trial will not be entertained. * * *"

The case is disposed of by the disposition of the first and fourth assignments of error and it will be unnecessary for us to consider the other assignments of error.

We hold that the trial court should have denied the motion for new trial. The trial court's action is reversed and the judgment of dismissal reinstated.

LaPRADE and UDALL, JJ., concur.