O'BALLIET v. LILLARD et al.

No. 34715.   Dec. 11, 1951.

*238 P. 2d 798.*

Robinson & Oden, Altus, for plaintiff in error.

L. B. Yates, Altus, for defendants in error.

BINGAMAN, J.   This case was commenced in the trial court by Jessie L. Lillard as plaintiff.  She alleged in her petition that the minor child, Warren Douglas Lillard, was in her custody and under her control and that he had been in her custody since he was only a few days old.  The petition further alleged the child was then more than five years of age; that his natural parents had abandoned him, and that his welfare required that he be left in plaintiff's custody and control.  She asked for a decree awarding to her the absolute custody and control of said minor child and permanently enjoining the defendants, the mother and the father, Gladys O'Balliet and Botha L. Lillard, from in any way interfering with or molesting her in such custody.

A temporary restraining order was issued enjoining said defendants from interfering with the plaintiff in the custody of such child during the pendency of the action.  The issues were joined on the answer and cross-petition of the defendant, Gladys O'Balliet, the reply of the plaintiff thereto and the separate answer of the defendant, Botha L. Lillard.  At the trial the testimony of several witnesses was taken, at the conclusion of which the court entered judgment in favor of the plaintiff confirming her right to the custody of such child and enjoining and restraining said defendants and each of them from interfering with her in such custody.

No motion for new trial or ruling thereon is shown in the case-made. Four assignments of error are set out in the petition in error: (1) Error in overruling the demurrer to the evidence, (2) error in rendering judgment for the plaintiff, (3) error in awarding the custody and control of the child to the plaintiff, and (4) that the judgment is contrary to the evidence and the law and is not sustained by sufficient evidence.  In the brief only one specification of error is argued, namely, that the judgment and decision of the court is contrary to the weight of the evidence.  Clearly, a review of this specification of error requires a review of the evidence taken at the trial.

In Gilliam v. Juccion, 203 Okla. 69, 218 P. 2d 380, we held:

"A ruling upon a demurrer to the evidence cannot be reviewed until a motion for new trial has been filed and determined."

In Dawson Produce Co. v. Cohn, 172 Okla. 28, 43 P. 2d 1034, we held:

"This court cannot examine questions requiring a consideration of the evidence unless a motion for new trial has been presented to the trial court."

To the same effect are many other decisions from this court, including Jones v. Jones, 155 Okla. 269, 9 P. 2d 18, Bigpond v. Davis, 121 Okla. 44, 247 P. 676, City of Tulsa v. Kay, 124 Okla.

243, 255 P. 684, and Morris v. Caulk, 44 Okla. 342, 144 P. 623, wherein this court held:

"Where the record contains no order of court overruling the motion for new trial, and matters occurring at the trial are the only points urged in the assignments of error, there is nothing properly before this court for review."

It is urged, however, that this is a habeas corpus proceedings and that this court should review the evidence on appeal without a motion for new trial or action thereon. In support of this contention, Hedtke v. Kukuk, 93 Okla. 264, 220 P. 615, and Ex parte Fortune, 175 Okla. 514, 53 P. 2d 1100, are cited. Both of these cases are authority for the proposition that this court will on appeal review the evidence in a habeas corpus proceedings, involving the custody of a minor child. However, the issue of absence of motion for new trial and ruling thereon was not in either of those cases.

It is further urged that this is a special proceedings and the rule announced in Modern Builders, Inc., v. Board of Adjustment, 193 Okla. 141, 141 P. 2d. 800, Protest of Sweeney, 183 Okla. 211, 80 P. 2d. 582, and Burgin v. Mid-Continent Petroleum Corp., 188 Okla. 645, 112 P. 2d 802, is controlling. These cases are readily distinguishable. All involve appeals from special boards where permits are sought, or a review of some proceedings from a special court. In Burgin v. Mid-Continent Petroleum Corp., supra, which is the basis of the Modern Builders, Inc., opinion, this court held that on such an appeal to the district court there was no trial of the cause upon issues of fact as to require a motion for new trial. In Protest of Sweeney, supra, it was held that the Court of Tax Review was a special court and not subject to the procedural rules for district courts requiring motions for new trial.

It is also urged that Barfield Petroleum Co. v. Pickering Lumber Co., 137 Okla. 151, 278 P. 391, and In re Guardianship of Butler, 130 Okla. 241, 266 P. 1106, are controlling on the issue that no motion for new trial was necessary. These cases held that where the contested question of fact arose on a motion and not on the pleadings that a motion for new trial was unnecessary.

It is further urged that this is a habeas corpus proceeding and therefore no pleadings were necessary and no issue of fact could arise from the pleadings. So far as we are able to ascertain the issue of the necessity of a motion for new trial in a habeas corpus proceedings has never been presented to this court. It has, however, been specifically passed on by the Supreme Court of Kansas in Johnson v. Best, 156 Kans. 668, 135 P. 2d 896, wherein that court held:

"In absence of motion for new trial in habeas corpus proceedings, there could be no re-examination of issues of fact on appeal."

In the case at bar the proceedings are not in habeas corpus. The plaintiff instituted the action in equity, asking for the adjudication of the status and confirming the custody of a minor child then in her possession and in her custody and under her control. She asked for injunction to restrain interference by the defendants. The issues of fact tried were made upon the pleadings as to the right of the plaintiff to the custody of the child, the abandonment of the child by the defendants, the fitness of the parties to have custody of the child and the best interests of the child. Clearly, these are all issues of fact arising upon the pleadings. Since the errors complained of all require a review of the evidence, the same are not subject to review in the absence of a motion for new trial.

Appeal dismissed.

HALLEY, V.C.J., and GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur. WELCH and CORN, JJ., dissent.