Matter of the **ANNEXATION OF PART OF STOCK DISTRICT NO. 10 TO STOCK**

No. 38179.

Supreme Court of Oklahoma.
Dec. 8, 1959.

Alpheus Varner, Poteau, for appellants.
William D. Mobley, Poteau, for appellees.

IRWIN, Justice.

A petition was filed with the Board of County Commissioners of LeFlore County requesting that certain sections in Stock-District No. 10, an open stock-district, be annexed and become a part of the adjoining Stock-District No. 13, a closed stock-district, as provided by Title 4 O.S.1951 §§ 114.1 and 114.2. The petitioners alleged they constituted a majority of the legal voters residing in the sections sought to be annexed and the sections were situated in a parallel manner adjoining Stock-District No. 13.

The Board of County Commissioners ordered that the sections in question be detached from open Stock-District No. 10, and annexed to and made a part of closed Stock-District No. 13.

Protestants of the annexation appealed from the order of the County Commissioners to the District Court, and after a trial de novo, the District Court modified the order by adjudging that Section 7, which was owned by the U. S. Government and where no legal voter resided, should not be annexed, and further adjudged the other sections involved in this controversy should be detached and annexed as prayed for.

The protestants filed a motion for a new trial from that portion of the order adjudging that certain sections be detached and annexed. This is an appeal from the order overruling the motion for a new trial.

The proponents of the annexation contend that this appeal should be dismissed for the reason that annexation to closed stock-districts is a special proceeding and a motion for a new trial was not necessary; that the motion for a new trial and determination thereof did not extend the time to serve case made and that service of case made was not within the required time allowed by law or order of court extending such time. In this connection they rely on Modern Builders, Inc. v. Board of Adjustment of City of Tulsa, 193 Okl. 141, 141 P. 2d 800. In that case we said an appeal from the Board of Adjustment under a planning ordinance to the district court is a special proceeding and it was not necessary to file and have determined a motion for a new trial. In Burgin v. Mid-Continent Petroleum Corporation, 188 Okl. 645, 112 P.2d 802, which is the basis for the Modern Builders, Inc., opinion, this Court held that on such an appeal to the district court there was no trial of the cause upon issues of fact as to require a motion for a new trial.

■ We considered these cases in O'Balliet v. Lillard, 205 Okl. 467, 238 P.2d 798, which involved the status and custody of a minor child, and said that since the errors complained of all require a review of the evidence, the same are not subject to review in the absence of a motion for a new trial. In the instant case a trial de novo was had in the district court and all the issues of fact arising upon the pleadings were tried. We therefore hold a motion for a new trial was proper and the appeal will not be dismissed as the case made was served within time.

Protestants of the annexation contend that it was not proved that Stock-District No. 13 was legally a closed stock-district. We cannot sustain this contention as the testimony of the county clerk was sufficient to establish that the closed stock-district had been created and by virtue of Title 4 O.S.1951 § 111, closed stock-districts will continue to exist until set aside by a subsequent election.

The protestants also contend the trial court erred in annexing sections where no legal voters resided and that certain sections were annexed which were not "adjacent to" and did not "lie in a parallel manner" to Stock-District No. 13, as provided by law.

The sections in open Stock-District No. 10, adjudged to be annexed by the district court are, 17, 18, 19, 20, 29, 30, 31, 32, 33, 34, 35 and 36, all being in the township immediately north of closed Stock-District No. 13.

■ Title 4 O.S.1951 §§ 114.1 and 114.2 prescribe that sections in an open stock-district sought to be annexed to a closed stock-district shall "adjoin" the closed stock-district and be "in a parallel manner with the original line or lines of the original closed stock-district." It is apparent that sections 17, 18, 19, 20, 29, and 30 do not "adjoin" the closed stock-district and cannot be annexed in this proceeding. We therefore hold the trial court erred in detaching these sections from Stock-District No. 10, and annexing them to Stock-District No. 13.

■ An entirely different situation exists with reference to sections 31, 32, 33, 34, 35 and 36. These sections not only adjoin but lie in a parallel manner with the original lines of Stock-District No. 13. However, the evidence discloses there are no legal voters residing in sections 31 and 32. Sections 114.1 and 114.2, supra, prescribe that the legal voters residing in any two or more sections of land in an open stock-dis-

trict adjoining and lying in a parallel manner with a closed stock-district may petition to be annexed to the closed stock-district. We do not construe these sections to require that a legal voter must reside in a section before it can be annexed; nor do we construe it that a majority of legal voters residing in any two or more sections adjoining and lying parallel to the original lines of a closed stock-district have authority to annex any and all sections, similarly situated, which do not have any legal voters residing therein. The statutes are ambiguous and if a strict construction were placed upon these sections, it would produce absurd results. In construing ambiguous statutes, this court should ascertain the intention of the Legislature, and in doing so should consider them as a whole and the objectives sought to be accomplished. Russett School District No. C–8 of Johnston County v. Askew, 193 Okl. 102, 141 P.2d 575.

■ Applying our construction to the circumstances in the case at bar, where no legal voters resided in sections 31 and 32 and both are end sections and not located between any other sections sought to be annexed, the trial court was not justified in annexing sections 31 and 32 to closed Stock-District No. 13.

■ Sections 33, 34, 35 and 36 adjoin and lie in parallel manner to the closed stock-district and could be annexed if the majority of the legal voters residing therein petitioned to be annexed. However, since we have found that none of the other sections may be annexed in this proceeding, we would not be justified in peremptorily affirming a judgment annexing only sections 33, 34, 35 and 36, as the majority of the legal voters residing in these sections might be unwilling to annex only these four sections if the other sections could not also be annexed. If the majority of the legal voters residing in these sections do desire to be annexed to the closed stock-district, they should submit their petition to the Board of County Commissioners.

We therefore reverse the judgment of the District Court overruling the motion

■

for a new trial with directions to vacate its judgment, reinstate the cause of action for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

DAVISON, C. J., and WELCH, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

WILLIAMS, V. C. J., dissents.