**Robert S. UHLS, Director, Building Inspection Department of the City of Oklahoma City, Appellant,**

v.

**MIDWEST OIL CORPORATION, Appellee.**

**No. 47142.**

Supreme Court of Oklahoma.

Feb. 27, 1974.

Rehearing Denied May 21, 1974.

Walter M. Powell, Municipal Counselor, Ronald V. Collier, Asst. Municipal Counselor, Oklahoma City, for appellant.

Ferrill H. Rogers, Oklahoma City, for appellee.

IRWIN, Justice:

Involved in these proceedings is an application for a permit to drill an oil well where the only issue presented to the Oklahoma City Board of Adjustment [Board] was whether Applicant [Appellee-Midwest] was entitled to a variance from the oil and gas drilling ordinances and on appeal to the district court that court determined that Midwest's proposed drilling site was authorized by another zoning ordinance ["AA" Agricultural District Ordinance] and ordered the issuance of the permit. We reverse the judgment of the trial court, because, as hereinafter shown, the issues presented to the trial court on appeal were different from the issues presented to Board; and the trial court's review of Board's Order was restricted to trial de novo of the issues tried by Board.

The briefs of the parties disclose that Midwest's application for a permit to drill an oil well was denied by appellant [Director] because the requested location was outside the "U–7 Drilling District" as established by Chapter 22 of the Oklahoma City Code. The "U–7 Drilling District" zoning ordinance authorizes the drilling of a well within the district but does not authorize the drilling outside the district.

Midwest appealed to Board and the only issue presented was whether Midwest was entitled to a variance from the oil and gas drilling ordinances. Board denied Midwest's request for a variance and Midwest appealed to the district court.

On appeal to the district court Midwest first sought a variance. In response to Director's Request for Admission of Facts, Midwest stated that in its Notice of Appeal to the district court it had affirmatively alleged that its proposed drilling site was outside the oil and gas drilling zone. Thereafter, in an Amended Response to Director's Admission of Facts, Midwest stated that its proposed drilling site was not outside the oil and gas drilling zone, and that:

"Since filing this Application it has come to Applicant's attention that the site for which a drilling permit is sought is in an 'AA' Agricultural District of Oklahoma City, Oklahoma, and under Ordinance No. 11,792, October 31, 1967, this district is intended to be used *'as an area primarily for agricultural uses or the extraction of the various products such as oil minerals, rock and gravel from the earth'.*" (emphasis supplied)

"Therefore, the statement in the Amended Application should be amended and the permit sought should be considered to be in a permissible area within the city limits of Oklahoma City as shown by the City Ordinance above referred to."

Midwest subsequently amended its Notice of Appeal to the District Court and placed in issue its entitlement to a permit because the proposed drilling site was permissible under the "AA" Agricultural District Ordinance which Midwest contends authorizes oil well drilling operations.

The district court found that Midwest's proposed drilling site was within the intendment and spirit of the "AA" Agricultural District Ordinance and was entitled to the drilling permit and ordered Director to issue it "upon compliance with the procedural requirements in relation to such permit". Director appealed.

The only issue presented to Board was whether Midwest was entitled to a variance from the "U–7 Drilling District" Ordinance, and Midwest's entitlement to a permit under the "AA" Agricultural District Ordinance was not an issue.

Midwest first appealed Board's denial of the variance to the district court on the theory that it was entitled to the variance. Thereafter, Midwest proceeded on the theory that the permit was authorized under the "AA" Agricultural District Ordinance. The trial court's judgment was based on its finding that Midwest's application was within the purview of the "AA" Agricultural District Ordinance.

The "AA" Agricultural District is prescribed by § 25–48, et seq., of Article IV, Chapter 25, of the Oklahoma City Code

which relates to Planning and Zoning. The "U–7 Drilling District" is part of Chapter 22 of the Oklahoma City Code which relates to Oil and Gas.

If an applicant for a permit to drill an oil and gas well could proceed on appeal to the district court on an entirely different theory than he proceeded before the Board of Adjustment, the proceedings before the Board would be a vain and useless thing. 11 O.S.1971, § 408, which relates to appeals from orders of the Board of Adjustment, does not contemplate that kind of procedure. That statute prescribes upon filing of a notice of appeal from an order of the Board of Adjustment, "the said Board shall forthwith transmit to the court clerk of the county, the original, or certified copies, of all the papers constituting the record in the case, together with the order, decision or ruling of the Board. Said case shall be heard and tried de novo in the District Court."

In McGrath v. Brown, 190 Okl. 144, 120 P.2d 624, we held:

"Under * * * 11 Okla.Stat.Ann. Sec. 408, the jurisdiction of the district court on appeal from an order of the Board of Adjustment of a municipality is appellate only, and its review is restricted to trial de novo of the issues tried by said board and to the grounds of appeal as assigned in the notice of appeal as provided by said section."

In the McGrath opinion we said the statute [11 O.S.1971, Sec. 408] clearly indicates that the board of adjustment should have exclusive original jurisdiction in all matters of proper presentation for its determination, and the district court appellate jurisdiction only.

In City of Oklahoma City v. Harris, 191 Okl. 125, 126 P.2d 988, we said that in appeals to the district court from orders of the Board of Adjustment, "The district court, though it has equitable powers, sits as a glorified board of adjustment"; and that "the inquiry on appeal is neither enlarged nor diminished by appeal; the scope of inquiry on appeal is the same as before the board of adjustment."

In the case at bar, the inquiry before the Board was whether Midwest was entitled to a variance from the "U–7 Drilling District" zoning ordinance, and the inquiry on appeal was limited to this issue. The trial court committed reversible error when it ordered the drilling permit be issued to Midwest because the "AA" Agricultural District Ordinance authorized the permit when the only issue presented to the Board was whether Midwest was entitled to a variance from "U–7 Drilling District" zoning ordinance.

Nothing contained herein shall be construed to mean that the "AA" Agricultural District Ordinance does or does not authorize the issuance of a permit to drill an oil and gas well without reference to Chapter 22 of the Oklahoma City Code which relates to Oil and Gas.

We find it unnecessary to consider or determine other issues presented by the parties.

Judgment reversed and remanded to the trial court.

All the Justices concur.