MOTOR VEHICLES
Section 3 of Senate Bill 550 (36th Oklahoma Legislature, 2nd Regular Session (1978)) which goes into effect on July 28, 1978, delays the implementation of Senate Bill 350, Section 3, Ch. 223, O.S.L. 1977 (47 O.S. 23.3 [47-23.3] (1977)) until June 20, 1979. The Attorney General is in receipt of your letter in which you, in effect, ask: What effect does Section 3 of Senate Bill 550 have upon the date of implementation of Senate Bill 350, Section 3, Ch. 223, O.S.L. 1977, 47 O.S. 23.3 [47-23.3] (1977) ? In 1977, the Oklahoma Legislature passed Senate Bill 350 (47 O.S. 23.3 [47-23.3] (1977)), a Motor Vehicle Title Act which had an effective date of July 1, 1978. This Bill substantially changed the manner of perfecting security interests on motor vehicles. Senate Bill 350 provided for perfection of security interests by recording of liens on the motor vehicle title, and central filing of the titles by the Oklahoma Tax Commission. Because of the problems of implementing Senate Bill 350, the Legislature, in 1978, passed Senate Bill 550 36th Oklahoma Legislature, 2nd Regular Session (1978) which provided in Section 3 thereof for a delay in the implementation of the Motor Vehicle Title Act until July 1, 1979, in order to allow the Oklahoma Tax Commission sufficient time to set up the machinery necessary to properly accommodate the new law. Section 3 of Senate Bill 550 provides: "Section 3. Section 3, Ch.223, O.S.L. 1977, is amended to read as follows: "Section 3. The provisions of this Act shall become effective June 30, 1979." Section 4 of Senate Bill 550 provides: "Section 4. The provisions of this Act shall become effective July 1, 1979." If a literal reading was given to Section 4 of Senate Bill 550, it would render Section 3 a nullity and Senate Bill 350 would take effect on July 1, 1978. Since the Oklahoma Tax Commission has not had a sufficient opportunity to put into effect those things necessary to make the new lien law work, there can be no doubt in this instance as to the Legislature's intent to postpone the effective date of the new law. Clearly the most recent expression of the legislative intent was set forth in a Resolution by the Revenue and Taxation Committee on June 27, 1978, wherein Senator Smith's Committee specifically communicated to the Attorney General that it was the intention of the Legislature in the enactment of Senate Bill 550 to cause the postponement of the central lien recording act until June 30, 1979. Giving a literal interpretation to Section 4 would for all practical purposes make impossible, the sale of automobiles during the period of time from July 1, 1978, to June 30, 1979. Since lending institutions would not be able to perfect liens occasioned by the lending of money to consumers for the purpose of purchasing a motor vehicle, a serious question arises as to whether or not such loans would in fact be made by lending institutions. A failure by these institutions to make such loans would result in making it impossible for most consumers to be able to purchase a motor vehicle, thereby damaging the overall economy from the standpoint of the consumer, the automobile dealer, and the lending institution. It is a well-settled principle in the Courts of Oklahoma that any construction of a statute which would render sections thereof nullities, is to be rejected. In the recent case of W. L. Street v. Bethany Firemen's Relief and Pension Fund Board, 555 P.2d 1295 (Okl. 1976), the Supreme Court of Oklahoma stated on page 1298: "A statute should be given a construction which renders every word and sentence operative, rather than a construction which renders some words or sentences idle and nugatory. Case v. Pinnick,186 Okl. 217, 97 P.2d 58 (1939)." The Court had previously stated in AMF Tubescope Co. v. Hatchel, 547 P.2d 374, 379
(Okl. 1976): "The Legislature will not be presumed to have intended an absurd result, and a statute should be given a sensible construction, bearing in mind the evils intended to be avoided or the remedy afforded. Independent School Dist. No. JI-69 of Canadian County v. Independent School Dist. No. D-45 of Canadian County (Okl.), 363 P.2d 835. Statutes must be construed, if possible, so the whole may stand. Olim v. Mayberry (Okl.), 524 P.2d 24; In re Annexation of Part of Stock Dist. No. 10 to Stock Dist. No. 13 (Okl. 1960), 347 P.2d 806." In order that the whole of Senate Bill 550 may have meaning, it is clear that Section 3 of this act must become effective as it would have if Section 4 were not a part of the Bill. This is permissible under recognized principles of statutory construction. "When two acts, or parts of acts, are susceptible of construction which will give effect to both without doing violence to either, this construction should be adopted in preference to one which leads to a conclusion that there is a conflict. In re Guardianship of Campbell (Okl.), 450 P.2d 230." AMF Tubescope Co. v. Hatchel, supra, at 379. As was noted in Harris v. Dungan, 185 P.2d 949 (Okl. 1947), it is permissible for an act to provide for or contain provisions which become effective at different times. Therefore Section 3 must have a different date of effectiveness than does the remainder of Senate Bill 550. Since Senate Bill 550 contains no emergency clause which would have placed it into effectiveness upon approval, the date for implementation of Section 3 may be deduced from Article V, Section 58
of the Oklahoma Constitution, which states, in pertinent part: "No act shall take effect until ninety (90) days after the adjournment of the session at which it was passed, except enactments for carrying into effect provisions relating to the initiative and referendum, or a general appropriation bill, unless, in case of emergency, to be expressed in the act, the Legislature, by a vote of two-thirds of all members elected to each House, so directs. . . ." Section 3 of Senate Bill 550, therefore, will become law 90 days after the adjournment of the Oklahoma Legislature, July 28, 1978. It is, therefore, the opinion of the Attorney General that your question should be answered as follows: Section 3 of Senate Bill 550 36th Oklahoma Legislature, 2nd Regular Session (1978) which goes into effect on July 28, 1978, delays the implementation of Senate Bill 350, Section 3, Ch. 223, O.S.L. 1977 47 O.S. 23.3 [47-23.3] (1977) until June 30, 1979. (PAUL C. DUNCAN) (ksg)