96 P.3d 811 (2004)
2004 OK CIV APP 65
In the Matter of T.C. and L.C., Deprived Children.
Crystalle Corey, Appellant,
v.
State of Oklahoma, Appellee.
No. 99,952.
Court of Civil Appeals of Oklahoma, Division No. 4.
July 13, 2004.
*812 Sherry J. Neal, Oklahoma City, OK, for Appellant.
C. Wesley Lane, Oklahoma County District Attorney, Jane A. Brown, Assistant District Attorney, Oklahoma City, OK, for Appellee.
Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 1.
Opinion by JOE C. TAYLOR, Presiding Judge.
¶ 1 Appellant, Crystalle Corey (Mother), appeals from the trial court's judgment on a jury verdict terminating her parental rights to two of her children, T.C. and L.C. (Children). The dispositive issue concerns the verdict form given by the trial court to the jury. We find error in the trial court's decision on this issue, and reverse and remand.
¶ 2 The State of Oklahoma (State) filed this action in August 2000 seeking an adjudication of Children as deprived. In November 2000, Mother and Children's father stipulated to the petition as amended, and the trial court entered its order adjudicating Children deprived. Children have been in foster care since that time. In February 2001, Mother had another child, A.C., who *813 remained unadjudicated and in the home until December 2002. A.C. subsequently was adjudicated deprived, and both parents are continuing to work toward reunification with A.C.
¶ 3 In March 2002, State filed a petition to terminate the parents' parental rights to T.C. and L.C. pursuant to grounds listed in 10 O.S.2001 § 7006-1.1(A)(5), that the parents had failed to correct the conditions leading to Children's adjudication as deprived, and in § 7006-1.1(A)(15), that Children had been in foster care for 15 of the most recent 22 months preceding the filing of the petition. In April 2003, Children's father gave his written, voluntary consent to termination of his parental rights as to T.C. and L.C., and the court entered an order accordingly.
¶ 4 The case as to Mother was tried in September 2003. The evidence included testimony that Children were only about one year apart in age, they had been in the same foster care placement for most of the time after their adjudication, and they were "bonded." At the end of the trial, the court noted it had prepared two separate verdict forms for each of Mother's Children, i.e., one in favor of termination and one against termination as to each child. State requested that both Children be included on the same form, arguing that the evidence had shown Children had been together for almost the entire period of their placement and it was not in their best interests if Mother's rights were terminated as to one but not the other. Mother objected, arguing that each child should be treated individually, and noting particularly that Mother had a third child as to whom her rights were not being terminated.
¶ 5 The trial court agreed with State and submitted the matter with both Children's names on a single verdict form. The court explained its decision as follows:
The children are a year apart and they have been, since I think about the first two or three months of this case, have been placed together ... in the same foster home since, I believe, December of 2000.
I'm going to order that they both be placed on the same verdict form, that the  and it will read that the rights of [Mother] should be terminated as to the children [T.C. and L.C.], or should not be terminated as to both children. And the reason for that is that their circumstances are so similarly situated. They are brother and sister.
I don't feel like it would be in the children's best interest to be separated by a jury verdict, and that's happened before. And I think the case is similar and very similar, almost identical ... if the jury found to terminate, the basis for that would be just almost identical for both of these children. And I feel like the situation is not such that we need separate verdict forms. I think the finding for one would be a finding for the other. And I also do not want to take  well, I think that the evidence dictates that the jury form show both children terminate or not terminate.
¶ 6 Thus, the trial court removed from the jury's consideration the issue of whether State had proved termination was in the best interests of each child, and found, as a matter of law, that if the jury terminated Mother's rights as to one child the termination would automatically apply to the other child. In essence, then, it decided a "best interests" issue as a matter of law.
¶ 7 Neither party directs us to, and we find, no authority precisely on point with the issue presented. The Oklahoma Supreme Court has made clear, however, that a parent's right in the continuity of the legal bond with the parent's child is both fundamental and constitutionally protected. "Termination of parental rights is not merely a disposition of an adjudicated child. It is the unmitigated cessation of all natural and legal rights the parent has in his/her child, and a permanent parting of all bonds linking parent to child." In re A.E. v. State, 1987 OK 76, ¶ 20, 743 P.2d 1041, 1047 (footnote omitted). Thus, a proceeding to terminate parental rights is one to which "the full panoply of protections afforded by the Oklahoma Constitution" must be applied. Id. at ¶ 22, 743 P.2d at 1048. Such rights include the right to a jury trial, id., and the right to have the State prove, by clear and convincing evidence, *814 the grounds on which a petition to terminate is based. In re S.B.C., 2002 OK 83 ¶ 7, 64 P.3d 1080, 1083. The "paramount consideration" is the "health, safety or welfare and best interests of the child." 10 O.S.2001 § 7006-1.1(A).
¶ 8 It is noteworthy that the "best interests" language quoted above refers only to "child" in the singular. Similarly, each of the statutory grounds under which State is authorized to seek termination  delineated in 10 O.S.2001 § 7006-1.1(A)  refer to termination of parental rights only to "a child" rather than to "children" as a group. Further, there is no statutory ground listed which contemplates simultaneous termination of a parent's rights to two or more children based on failure to correct conditions leading to a deprived adjudication, or because a child has been in foster care for an extended period of time.[1]
¶ 9 The issue of what is in a child's best interests has long been recognized as a question of fact. See O'Balliet v. Lillard, 1951 OK 364, ¶ 11, 238 P.2d 798, 800; In re T.M., 2000 OK CIV APP 65, ¶ 15, 6 P.3d 1087, 1093. As such, in a termination case the issue is one for submission to a jury, unless the right to a jury trial has been waived. A decision that termination is in a child's "best interest" as a matter of law  even though couched as a finding that it is best to keep siblings together or that they not be "separated by a jury verdict"  is tantamount to determining the issue by means of summary judgment and depriving a parent of the jury trial to which he or she is entitled. In this regard, see In re Christina T., 1979 OK 9, 590 P.2d 189, holding that a grant of summary judgment in favor of State in a deprived child adjudication was a denial of due process of law.
¶ 10 In light of the statutory language discussed above, and in view of the importance of the right to a jury trial and the other fundamental rights affected in a termination proceeding, we conclude that in a parental rights termination case based on 10 O.S.2001 §§ 7006-1.1(A)(5) or 7006-1.1(A)(15), State must prove grounds for termination of parental rights as to each child, individually, and that the jury must decide whether a parent's rights should be terminated as to each child, individually. As stated by the Court of Appeals of Florida in In re K.A., 2004 WL 902345 (Fla.Ct.App.2004) (not yet released for publication):
It is worth emphasizing that in cases where the [State] seeks to terminate parental rights to numerous children, the trial court cannot treat the children as an amorphous group in which the best interests of one will meet the interests of all. Rather, the trial court must individually determine whether the termination of parental rights to each child is permitted by the statute, is the least restrictive means to protect that child, and is in that child's manifest best interests.
In a parental rights termination case such as the one at bar, the jury should be given separate verdict forms as to each child. The trial court's decision to submit the question of termination as to both Children on a single verdict form, over Mother's objection, was error and requires reversal. The judgment terminating Mother's parental rights is therefore reversed, and this matter is remanded for new trial
¶ 11 REVERSED AND REMANDED.
STUBBLEFIELD, J., and GOODMAN, J., concur.
NOTES
[1] There are references to placement of children in "sibling groups" in Oklahoma's Adoption Code and State Department of Human Services Rules concerning placement in foster care and adoption. See, e.g., 10 O.S.2001 § 7510-3.2; Okla. Admin. Code 340:75-6-30; 340:75-7-263; 340:75-7-269. There are no references to "sibling groups" in the statute authorizing termination of parental rights. 10 O.S.2001 § 7006-1.1(A). References to "siblings" in that statute involve grounds for termination inapplicable to the case at bar.